JAMES McGUIRE

*v.*

STATE OF TENNESSEE

RUTH MORGAN

*v.*

STATE OF TENNESSEE

(*Knoxville,* September Term, 1955.)

(May Session, 1956)

Opinion filed June 8, 1956.

Rehearing Denied July 20, 1956.

VIRGIL F. CARMICHAEL, Cleveland, for plaintiff in error.
NAT TIPTON, Advocate General, for the State.

Mr. Chief Justice Neil delivered the opinion of the Court.

The above styled cases involve identical questions, and one opinion in the McGuire case will control the other case.

At the October term, 1954, of the Criminal Court of Bradley County the grand jury of said county returned a presentment against James McGuire, charging him with the offense of possession of intoxicating liquors. When the case came on for trial he entered a plea of guilty to the charge. The court thereupon empaneled a jury to fix his punishment. The jury imposed a fine of $200. In addition to this fine the trial judge imposed a sentence of ninety days in the county workhouse. In the same order approving the workhouse sentence the court

suspended the sentence on condition that he pay the fine and costs, and "upon his good behavior for a period of one year." The foregoing sentence was likewise imposed upon Ruth Morgan.

On October 8, 1955, on motion of the District Attorney General, the court caused a notice to be served upon the defendant to appear in the Court House of Cleveland on the 17th day of October, 1955, to determine whether or not said parole or suspended sentence should be revoked. When the matter came on to be heard the suspended sentence was revoked and the defendant was duly committed to the workhouse to serve the sentence previously imposed.

There was a motion for a new trial, the principal ground of which was:

"(4) The Court erred in revoking the parole or suspension of this Defendant because the order of revocation was entered more than twelve months after the granting of the parole or suspension, and, therefore, this Court did not have authority to revoke the parole."

The motion contained other grounds for a new trial. But the foregoing "Ground (4)" presents the sole question for determination on this appeal.

In the McGuire case the original charge (in the notice served on him) was "that there is probable cause to revoke a suspended sentence." This notice was later amended to charge that McGuire "had been convicted of possessing intoxicating liquor." The Morgan case is similar in all respects in its averments.

It is earnestly insisted by counsel for these defendants that the trial court was without jurisdiction to revoke

the suspended sentences because of the expiration of one year from the date of the original judgment.

It is conceded that the order of revocation was entered more than one year after the original judgment. But the record shows that the notice to the defendants that they appear for trial on the issue of having violated the condition of the suspension was served upon each of them prior to the expiration of the one year after the original judgment.

Now it must be conceded at the outset that the authority to suspend a sentence arises and results from the passage of the Acts of 1931, and amendments thereto. *Atchley v. State,* 176 Tenn. 514, 144 S.W.2d 748. In that case it is held:

"Generally, courts lose all jurisdiction over a case after the term at which final judgment is rendered.

"The act authorizing trial judges to suspend or parole sentences does not confer power on trial judge to grant a parole or suspension of sentence at a term subsequent to that when conviction is finally adjudged."

The statutory authority under which the trial court acted in paroling the appellants is Section 11802.2 of the 1950 Supplement to the Code and brought into T.C.A. as Sections 40-2902 through 40-2906. The pertinent part is, as follows:

"40-2906. *Revocation of suspension or parole.*— When such suspension and/or parole shall have been granted by the trial judge, the trial judge shall possess the power at any time, within twelve (12) months next following the date of such suspension and/or parole in cases of misdemeanors, and for a period of time

equivalent to the maximum punishment which can be imposed for the offense committed by the defendant, in felony cases, within which such trial judge may, after proceeding as mentioned in sec. 40-2907, revoke and annul such parole and/or suspension, and in such cases the original judgment so rendered by such trial judge shall be in full force and effect from the date of the revocation of such parole and/or suspension, and shall be executed accordingly."

We construe the foregoing Code Section as a statute of limitations and the same is tolled the same as any other act containing a limitation of power. The proceeding to revoke a suspended sentence is in the nature of a continuation of the original prosecution. The commencement of any criminal prosecution is upon the issuance of a criminal warrant, as in the cases at bar, or upon the return of an indictment or presentment when no warrant issued. Section 40-206, T.C.A. The notice in the case of these appellants was filed and served upon them within the one-year period of limitation, and thus suspended the running of the statute until such time as the trial court could hear and determine the issue raised by the notice.

The appellants further complained, and assigned as error, that the amendment to the notice was improperly allowed. This amendment, however, introduced no new cause of action. It served to state a more specific ground upon which the original charge was based. As pointed out in the State's brief: "The original notice accused the plaintiff in error of improper conduct." The amendment specified the nature of such unlawful and improper conduct. We think it is settled law in this State that where any process is duly issued within

the period of limitations, an amendment to it, seasonably tendered, and which introduces no new cause of action nor adds any new parties, it relates back to the date of the original process. See *Nashville, C & St. L. Railroad v. Foster,* 78 Tenn. 351, for a clear cut statement of the foregoing general rule.

The assignments of error are overruled in each case, and the judgments of the trial court are affirmed.