IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 14, 2004 at Knoxville

## STATE OF TENNESSEE v. TIM BRAWLEY

**Appeal from the Circuit Court for Williamson County**
**No. 1-2001-01-19-A     Russ Heldman, Judge**

---

**No. M2004-01409-CCA-R3-CD - Filed February 1, 2005**

---

The defendant, Tim Brawley, appeals from the Williamson County Circuit Court's order revoking his probation. On appeal, he claims that the trial court lacked jurisdiction to revoke his probation because his sentences had expired before the violation warrant was issued. We disagree and affirm the trial court's order.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ALAN E. GLENN, J., joined.

Robert T. Carter, Franklin, Tennessee, for the Appellant, Tim Brawley.

Paul G. Summers, Attorney General & Reporter; Kathy D. Aslinger, Assistant Attorney General; Ronald L. Davis, District Attorney General; and Mary Katharine White, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

Based upon his guilty pleas, the defendant was convicted on March 5, 2001, of theft, possession of Schedule II drugs, possession of Schedule IV drugs, possession of drug paraphernalia, and possession of burglary tools. The sentences were imposed to run concurrently and yielded an effective sentence of two years, six months. The defendant was ordered to serve 120 days in jail and the remainder of the sentence on probation. His probation supervisor signed a violation warrant on February 18, 2003, and filed the warrant on the same day. On April 7, 2003, the supervisor signed and filed an amendment to the violation warrant. Both the original warrant and the amendment were served on the defendant on April 2, 2004. The trial court conducted a revocation hearing and revoked the defendant's probation by order entered on May 4, 2004.

The defendant now appeals, raising only the issue of whether the trial court had jurisdiction to revoke his probation. Specifically, he claims that his sentences expired prior to the

issuance of the warrant. To support this claim, he argues that the trial judge signed and issued the violation warrant on September 18, 2003. He posits that his sentences began running on March 5, 2001, and that the two-year, six-month effective sentence expired on September 5, 2003, 13 days before the warrant was issued.

The defendant raised the jurisdictional issue in the trial court, and the trial judge, who also issued the warrant, found that the notation appearing above his signature on the warrant that reads "The 18th day of September, A.D. 2003," was a typographical error.

The probation officer signed the warrant, and the judge acknowledged his signature on February 18, 2003. The warrant bears a stamped filing date of February 18, 2003. Moreover, the April 7, 2003 amendment to the warrant references the warrant as dated February 18, 2003. Based on these facts, the state claims that the record supports the trial court's finding that the warrant was fully issued and filed on February 18, 2003. The state posits that because the February 18, 2003 warrant was issued within two years and six months of March 5, 2001, the sentence had not expired, and the trial court had jurisdiction to revoke the defendant's probation.

"If the probation revocation warrant is issued within the term of the sentence, the *issuance* of the warrant commences the revocation proceedings and thereby interrupts the running of the probationary period 'until such time as the trial court [may] hear and determine the issue raised by the [warrant].'" *State v. Shaffer,* 45 S.W.3d 553, 555 (Tenn. 2001) (quoting *McGuire v. State*, 200 Tenn. 315, 320, 292 S.W.2d 190, 193 (1956)) (emphasis added). Thus, the jurisdictional issue before us is determined by when the violation warrant was issued.

Tennessee Rule of Criminal Procedure 36 provides that "[c]lerical mistakes in judgments, orders, or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders." In our view, Rule 36 effectively authorized the trial court to elide the "September" reference in the date of the trial judge's issuance of the warrant, once the court determined that the warrant erroneously referred to September 2003 instead of February.

Moreover, the circumstances support the trial court's determination that "September" was erroneously inserted. The issuing judge, who was the judge during the revocation proceeding, acknowledged the affiant's signature on the warrant. The acknowledgment is dated February 18, 2003. The warrant was stamped filed in the trial court clerk's office on February 18, 2003. Apparently, the dates were typed into the warrant by the affiant or the affiant's agent. The amendment to the warrant referenced the warrant "dated" February 18, 2003. These circumstances support the conclusion that the judge signed and issued the warrant on February 18, 2003. Thus, the judge issued the warrant before the defendant's sentence expired, and accordingly the trial court had jurisdiction to revoke the defendant's probation.

The judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE