IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 4, 2008

STATE OF TENNESSEE v. ALMEKO CHIFFON WOODS

Appeal from the Circuit Court for Hardeman County
Nos. 6910, 05-01-0029     J. Weber McCraw, Judge

No. W2007-02025-CCA-R3-CD  - Filed August 28, 2008

On February 4, 2005, the defendant, Almeko Chiffon Woods, pled guilty to one count of forgery less than $200 and one count of fraudulent use of a credit card between $500 and $1000, both Class E felonies. The trial court sentenced the defendant to two years probation for each offense, with the sentences to run concurrently. On January 22, 2007, a probation violation report was prepared, alleging that the defendant failed to meet with her probation officer and failed to pay restitution and court costs. However, this report was not filed until February 20, 2007. On January 30, 2007, the trial court issued what the defendant considered a capias and the state considered an arrest warrant in connection with the alleged probation violation. Following a June 28, 2007 hearing, the trial court found the defendant in violation of her probation and extended her probation another year. That same day, an additional probation violation was filed with the trial court, alleging that the defendant violated her probation by being arrested for simple possession of a controlled substance and failing to report this arrest to her probation officer. In August 2007, the trial court revoked the defendant's probation and ordered her to serve a two-year sentence in the Department of Correction. The defendant appeals, arguing that because the probation violation report was not filed until February 20, 2007, her probation expired on February 4, 2007. She further argues that because the document issued by the trial court in January 2007 was not an arrest warrant, the limitations period for filing the probation violation was not tolled, and therefore the trial court's extension and revocation of her probation were nullities because her probation expired on February 4, 2007. After reviewing the record, we conclude that the expiration of the defendant's probation was properly tolled and that the trial court acted properly in extending and subsequently revoking the defendant's probation. As such, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL and NORMA MCGEE OGLE, JJ., joined.

William G. Hatton, Bolivar, Tennessee, for the appellant, Almeko Chiffon Woods

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel West Harmon, Assistant Attorney General; D. Michael Dunavant, District Attorney General; Joe L. VanDyke, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The initial probation report connected with this case, prepared on January 22, 2007 and filed on February 20, 2007, alleged that the defendant violated her probation by failing to report to her probation officer over a six-month period, with the last meeting being June 15, 2006. The report also alleged that the defendant owed $992.28 in fines, restitution, and court costs, noting that the defendant "has not brought in adequate proof of SSI/Disability so probation fees can be properly assessed to the offender." The report specifically noted that when the defendant pled guilty in February 2005, a condition of her probation was that she would pay restitution ($170.02 in the forgery case and $501.78 in the credit card fraud case, a total of $671.80) within ninety days of entry of the judgments in the cases.

On June 28, 2007, the trial court conducted a hearing on the probation violation. At that hearing, Pekeetia Hall, the defendant's probation officer, restated the above-listed facts leading to her filing a probation violation report against the defendant. On cross-examination, Ms. Hall said that the defendant was to report to her at the Hardeman County Jail. Ms. Hall said that the defendant could have reported on any Tuesday or Thursday of the defendant's choosing within a given month and that the defendant could also select her own appointment time.

Three members of the defendant's family testified on her behalf: Inez Woods, the defendant's grandmother; Denita Woods, the defendant's aunt, and Brenda Woods, the defendant's mother. The three women said they took turns taking the defendant to the Hardeman County Jail for her appointments with her probation officer. The three women testified that they often saw the defendant go into the jail and then exit the jail a short time later, with the defendant claiming that her probation officer was not present for the appointment. The women were all unable to recall exact dates on which they took the defendant to the jail, and the women said that they sometimes accompanied the defendant into the jail, but other times they did not. The women were also unable to produce documentation regarding the defendant's appointments or the defendant's speaking to anyone at the jail regarding her attempts to meet with her probation officer. The defendant's grandmother testified that she told the defendant to call her probation officer after each of these missed meetings, and she said that her granddaughter followed her instructions.

The defendant testified that she was scheduled to meet with her probation officer once per month at the Hardeman County Jail. She said that she could meet with the probation officer on Tuesday or Thursday, but the probation officer assigned the actual appointment time. The defendant said that various family members took her to the jail for these appointments, and she insisted that she was never late for a scheduled appointment. She testified that on several occasions, she arrived

at the jail for her appointment and found that the probation officer was not present. When this happened, she said that she spoke with the jailer, left the jail, and then called her probation officer to reschedule the appointment once she returned home. The defendant said that she was unsure whether the jail documented her visit to the jail when the probation officer was not present.

The defendant admitted that she had not paid all her court costs, fines, and restitution. She said that she was on disability, and she was paying between $50 and $60 per month. The defendant said that if the trial court extended her probation, she would be willing to take steps to accelerate her payment if required. On cross-examination, the defendant admitted that a condition of her probation was to pay full restitution within ninety days of being placed on probation in February 2005, and she had not met this condition.

The state then recalled Ms. Hall, the defendant's probation officer, who reiterated that the defendant had not reported for a scheduled visit since June 15, 2006. Ms. Hall said that the defendant had only called twice after missed appointments since that date.

At the conclusion of the hearing, the trial court found the defendant in violation of her probation. In so doing, the court stated that the defendant's "record of honesty is not real great." The court also noted that the defendant provided no documentation to support her claims that she had arrived for several scheduled meetings with her probation officer, only to find her probation officer absent. The trial court particularly noted that while the defendant claimed that she spoke with the jailer whenever the probation officer was not present for a scheduled appointment, the jailer had not been called to testify. The trial court extended the defendant's probation for one year. See Tenn. Code Ann. § 40-35-308(c) (2006) (providing that "at the conclusion of a probation revocation hearing, the court shall have the authority to extend the defendant's period of probation supervision for any period not in excess of two years"). The defendant did not appeal the trial court's ruling.

The day of the hearing, the state prepared and filed with the trial court another probation violation report. According to the report, the defendant was arrested for possession of controlled substances on May 25, 2007. On June 5, 2007, the defendant pled guilty in Hardeman County General Sessions Court to one count of possession of a Schedule II controlled substance (cocaine) and one count of possession of a Schedule VI controlled substance (marijuana). The report also alleged that the defendant failed to report this arrest and these convictions to her probation officer. A hearing in connection with this report was held on August 13, 2007. At that hearing, both parties stipulated to these facts as stated in the probation violation report. The defendant asserted that she was unaware that she was on probation at the time of her arrest, an assertion she did not make at any time during the June 28 probation hearing. The trial court revoked the defendant's probation and ordered her to serve two years in the Department of Correction. This appeal follows.

ANALYSIS

On appeal, the defendant argues that her probation expired on February 4, 2007, and therefore the trial court erred by ordering her into incarceration. She contends that the state's probation

revocation report did not toll the expiration of the probationary period because the report was not filed until February 20, 2007—after the probationary period had expired. She also argues that because the document issued by the trial court in January 2007 was not an arrest warrant, that document was also ineffective to toll the expiration of the probationary period. The state contends that the defendant has waived the issue on appeal, and if she has not, the expiration of the probationary period was properly tolled, thus making the trial court's extension and subsequent revocation of her probation proper.

Initially, we note that the state asserts that the defendant has waived this issue for failure to timely appeal the trial court's order issued following the June 28, 2007 hearing. See Tenn. R. App. P. 3 (noting that generally, the notice of appeal must be filed "within 30 days after the date of entry of the judgment appealed from"). The state also asserts that the defendant has waived appeal of this issue by failing to raise a contemporaneous objection to the trial court's extension of her probation at the June 28, 2007 hearing. See Tenn. R. App. P. 36(a) ("Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error."). However, although not specifically stated by the defendant, we view the defendant's argument that the trial court was without authority to extend the defendant's probation as an assertion that the trial court was without subject matter jurisdiction to act as it did. As this court recently noted in a similar case involving a defendant who did not challenge the trial court's lack of subject matter jurisdiction at a probation revocation hearing but who challenged the lack of jurisdiction on appeal, a defendant has no power to waive subject matter jurisdiction. See State v. Nick Defillipis, No. M2007-01647-CCA-R3-CD, 2008 WL 2388632, at *3 (Tenn. Crim. App. June 12, 2008), perm. app. filed, (Tenn. July 30, 2008). Accordingly, we will consider this issue on its merits.

A trial court's authority to revoke a suspended sentence is derived from Tennessee Code Annotated section 40-35-310, which provides:

> The trial judge shall possess the power, at any time within the maximum time which was directed and ordered by the court for such suspension, after proceeding as provided in § 40-35-311, to revoke and annul such suspension, and in such cases the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension, and shall be executed accordingly.

See also Tenn. Code Ann. § 40-35-308(c) (allowing the trial court to extend the defendant's probation for a period of no more than two years). While normally revocation or extension of a defendant's probation may only occur within the probationary period, our supreme court has held that "[t]he running of a defendant's probationary period may, however, be interrupted by the issuance of a revocation warrant." State v. Shaffer, 45 S.W.3d 553, 555 (Tenn. 2001). The court in Shaffer continued:

> If the probation revocation warrant issued, within the term of the sentence, the issuance of the warrant commences the revocation proceedings and thereby interrupts

the running of the probationary period "until such time as the trial court [may] hear and determine the issue raised by the [warrant]." McGuire v. State, 200 Tenn. 315, 292 S.W.2d 190, 193 (Tenn. 1956). The interruption of the probationary period is triggered by the issuance of the probation revocation warrant and not by service of the warrant on the defendant. Allen v. State, 505 S.W.2d 715, 717 (Tenn. 1974).

Id.

In light of the Tennessee Supreme Court's holdings in Shaffer, Allen, and McGuire, the defendant's argument that the probationary period was not tolled based on the late filing of the probation violation report is unavailing because the trial court issued an order demanding the defendant's arrest on January 30, 2007—less than a week before the defendant's probationary period was set to expire. Consequently, resolution of this case will depend on the validity of the defendant's assertion that the untitled document ordering the defendant's arrest was not an arrest warrant. The defendant argues that because Tennessee Code Annotated section 40-35-311(a) requires probation revocation proceedings to be initiated by the issuance of an arrest warrant, and because the document issued by the trial court "does not identify itself as a [w]arrant or any other document," the trial court's order did not properly toll the expiration of the defendant's probation. The state contends that the document issued by the trial court was in fact an arrest warrant and therefore adequate to toll the expiration of the defendant's probation.

Our criminal code states that when the trial court becomes aware of a defendant's potential probation violation, "the trial judge shall have the power to cause to be issued under the trial judge's hand a warrant for the arrest of the defendant as in any other criminal case." Tenn. Code Ann. § 40-35-311(a) (2006) (emphasis added). Our criminal code defines an arrest warrant as "an order, in writing, stating the substance of the complaint, directed to a proper officer, signed by a magistrate, and commanding the arrest of the defendant." Id. § 40-6-201. In this case, although the January 30, 2007 document ordering the defendant's arrest was not labeled as an arrest warrant or a probation violation warrant, the order, which was signed by trial judge, described the particular rules of probation violated and directed the officer to arrest the defendant. Thus, the order under review was an arrest warrant as defined in our criminal code, and, pursuant to our supreme court's holdings in Shaffer and related cases, its issuance tolled the expiration of the defendant's probationary sentence. Thus, we conclude the trial court acted properly in extending the defendant's probation at the June 28 hearing.

Regarding the trial court's subsequent revocation of the defendant's probation, the record establishes that the requirements of section 40-35-311 were followed in notifying the defendant of her alleged probation violation, and, at the probation revocation hearing, the parties agreed that the defendant violated her probation by being arrested for possession of controlled substances and not reporting this arrest to her probation officer. Thus, the trial court acted within its discretion in revoking the defendant's probation and ordering the defendant to serve her sentence in the Department of Correction. The defendant is not entitled to relief on this issue.

## CONCLUSION

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE