# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs December 17, 2008

## STATE OF TENNESSEE v. TIMOTHY JEROME WASHINGTON, ALIAS TIMOTHY JEROME HUGHLETT

**Appeal from the Criminal Court for Hamilton County**
**Nos. 255487 & 258929     Don W. Poole, Judge**

---

**No. E2008-00515-CCA-R3-CD - Filed July 29, 2009**

---

The Defendant, Timothy Jerome Washington, alias Timothy Jerome Hughlett, appeals the revocation of his two community corrections sentences by the Criminal Court for Hamilton County. The Defendant initially pled guilty to theft of property valued over $1,000, a Class D felony, for which he received a two-year suspended sentence in the community corrections program. While on community corrections, he pled guilty to theft of property valued over $10,000, a Class C felony, and he received a four-year suspended sentence to be served in community corrections consecutively to the two-year sentence. The trial court found that he violated the terms of both community corrections sentences, revoked the Defendant's sentences, and ordered him to serve the effective six-year sentence in the Department of Correction. On appeal, the Defendant contends that the trial court was without jurisdiction to revoke the two-year sentence and that the trial court erred in revoking the sentences because the Defendant did not "willfully" violate the terms of his sentence. We affirm the judgment revoking the Defendant's community corrections sentence in case 258929, vacate the judgment revoking the community corrections sentence in case 255487 because the sentence had expired, and remand the case for correction of the amended judgment in case 258929.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed in part, Vacated in part, and Case Remanded**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which THOMAS T. WOODALL and NORMA MCGEE OGLE, JJ., joined.

Ardena J. Garth, District Public Defender, for the appellant, Timothy Jerome Washington, alias Timothy Jerome Hughlett.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel West Harmon, Assistant Attorney General; William H. Cox, III, District Attorney General; and Cameron B. Williams, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

This case relates to two sentences imposed in 2005 and 2006, for which the Defendant received suspended sentences of two and four years respectively. In case number 255487, the Defendant pled guilty to theft of property valued over $1,000, a Class D felony, and the trial court sentenced the Defendant on December 14, 2005. The judgment states the Defendant was placed on supervised probation and in "intensive" community corrections, but the record reflects that he was found to have violated probation on July 24, 2006, and that he was placed in custody. He received a Probation Certificate and was released on August 31, 2006. This document states the expiration date of his probation as August 16, 2007.

On July 24, 2006, a judgment was entered in case 258929, where the Defendant pled guilty to theft of property valued over $10,000, a Class C felony, and received a four-year sentence to be served on community corrections. This judgment erroneously states the offense is a Class D felony, but it is a Class C felony. T.C.A. § 39-14-105(4) (2006). This sentence was to be served consecutively to the sentence in case 255487. The record reflects that the sentence for case 258929 was revoked on July 2, 2007, when the Defendant was ordered to serve six months in custody with possible two days for one jail credit and to serve the balance on community corrections.

The Defendant's community corrections supervisor, Sherry Bradford, filed a "Capias Request" on the cases dated November 16, 2007, in which she stated the Defendant had violated the community corrections guidelines by obtaining new charges in Loudon County of felony evading arrest, a Class E felony, and driving on a revoked license, a Class B misdemeanor. She stated that the Defendant was in custody in Loudon County. She asked the trial court to remove the Defendant from the Hamilton County community corrections program and to issue a capias for the Defendant. The capias was issued on November 27, 2007.

At the revocation hearing, Sherry Bradford testified that she began supervising the Defendant on September 18, 2007, after he (1) had already been assigned to a community corrections officer in September 2006 after having violated his state probation, (2) violated his community corrections sentences due to curfew violations, (3) was returned to custody, and (4) was reassigned to community corrections. She stated the Defendant had three convictions for which he was assigned to community corrections: a four-year sentence, a consecutive two-year sentence, and a three-year sentence running concurrently with at least one of the other sentences. She said the Defendant's present violations consisted of being arrested in Loudon County for felony evading arrest and driving on a revoked license. She said she was not aware of any violations between the curfew violations and the new charges forming the basis of the present violation. She stated that the Defendant had pled guilty to misdemeanor evading arrest, for which he received an eleven-month-twenty-nine-day sentence, with thirty days to serve, and that the Defendant's other charge was pending. She stated the Defendant had permission to work outside Hamilton County.

On cross-examination, Sherry Bradford testified that although the Defendant passed his drug tests, paid his fees on time, and both stayed employed and in contact with her office, he was arrested only five days after being taken off the "electronics" he had worn for thirty days. She stated that she would follow the decision of the trial court if it returned the Defendant to the community corrections

program. On redirect examination, however, she testified that she did not recommend his return to the program.

The Defendant testified that he was driving to work when he was arrested for driving on a revoked license and evading arrest. He said that he had been training to become a housekeeping manager at an earlier position and that he was promoted to a new position, to which he was driving when he was stopped. He said he had obtained the trial court's permission to work in another county. He described the facts of his arrest as speeding and then not pulling over quickly enough for the pursuing officer. He admitted that his driver's license was currently suspended and had been suspended since 2004. He said he wanted the court to reinstate him in the community corrections program, although he acknowledged that this was not his first violation. He said that he understood he was not supposed to drive, but that he was trying to improve himself by going to work and maintaining a job. He said his two children lived with their mother. He said he had no drug problems. He stated he would have paid a debt after working that week. He said that if the trial court granted his request to set a bond, he would be able to pay it. He said he would not work in Knoxville because of his lack of a valid driver's license. He said that he would transfer to a job in Hamilton County and that his wife would provide transportation.

On cross-examination, the Defendant testified that he did not accelerate from the pursuing officer. He stated that it was true that the officer told him he was driving eighty-nine miles per hour in a fifty-five miles per hour zone. He denied speeding away and not stopping at a stop sign, in spite of the fact that the arresting officer wrote this in his report. He acknowledged that he knew his license was suspended at the time. He accepted that he had seven prior convictions for driving on a suspended license. He acknowledged that he had been placed on supervised probation, that he violated it, that he was placed on community corrections, that he violated it by missing curfew, that he was reinstated, and that he then obtained the new charges.

The trial court stated the Defendant conceded the community corrections violations. The trial court found that although the Defendant was in fact trying to better himself, the Defendant violated the terms of his community corrections sentences. The trial court revoked the two-year and four-year suspended sentences.

The Defendant contends that (1) the trial court erred in revoking the Defendant's sentences where no evidence showed that the Defendant willfully violated the conditions of his community corrections sentences and (2) the trial court erred in finding it had jurisdiction to revoke the two-year sentence and in denying the Defendant's motions "to reconsider action in probation violation proceeding" and "to dismiss probation violation proceeding" when the probationary period was not tolled by the issuance of a capias. The State concedes that the trial court improperly revoked the two-year sentence in case number 255487 after the expiration of the probationary period. It argues, however, that the trial court had jurisdiction to revoke the Defendant's four-year sentence in case number 258929 as the capias was issued during the Defendant's term of probation and that the trial court properly revoked the suspended sentence. The State asserts that the mere fact that a capias was issued instead of an arrest warrant does not invalidate the revocation proceedings because a capias is similar to an arrest warrant pursuant to Rule 9 of the Tennessee Rules of Criminal Procedure and in its purpose.

As a preliminary matter, we note the Defendant claims in his brief that the trial court denied these two motions, and he includes as an attachment a July 25, 2008 written order from the trial court denying only the motion to reconsider. However, this document is not part of the record, and we may not consider it. See T.R.A.P. 24(a) (certification of documents in record by trial court clerk).

Our supreme court has held that the same principles apply to revocation of a community corrections sentence as to revocation of probation, including an abuse of discretion standard of review. State v. Harkins, 811 S.W.2d 79, 82-83 (Tenn. 1991). In this regard, upon finding by a preponderance of the evidence that a defendant has violated the terms of the community corrections sentence, a trial court may exercise its discretion to revoke the community corrections sentence. See T.C.A. § 40-35-311(e); Harkins, 811 S.W.2d at 82.

## I. FOUR-YEAR SENTENCE

The Defendant contends that the capias issued in the present case did not satisfy the procedural requirement of Code section 40-35-311(a) and did not toll the running of the Defendant's four-year community corrections sentence. We disagree.

The Code authorizes a trial court to order the issuance of a "warrant for the arrest" of a defendant who is alleged to have violated the terms of his suspended sentence. T.C.A. § 40-35-311(a) (2006). "If the probation revocation warrant is issued within the term of the sentence, the issuance of the warrant commences the revocation proceedings." State v. Shaffer, 45 S.W.3d 553, 555 (Tenn. 2001) (citing McGuire v. State, 292 S.W.2d 190, 193 (Tenn. 1956)). The issuance of the revocation warrant tolls the running of the suspended sentence until the trial court can conduct a hearing and determine the issues raised in the warrant. State v. Shaffer, 45 S.W.3d at 555 (citing Allen v. State, 505 S.W.2d 715, 717 (Tenn. 1974)).

The Code defines "warrant of arrest" as "an order, in writing, stating the substance of the complaint, directed to a proper officer, signed by a magistrate, and commanding the arrest of the defendant." T.C.A. § 40-6-201 (2006). In the present case, the trial court issued a written document, signed by the trial court, ordering the issuance of a capias because the Defendant was alleged to have violated his community corrections sentence by obtaining new charges. The document ordered the court clerk to attach a copy of the document to the process served on the Defendant, which took place on December 6, 2007. Thus, the document was (1) an order, (2) in writing, (3) stating that the Defendant was accused of having violated the terms of his community corrections sentence because he had obtained new charges, (4) commanding the issuance of process addressed to "any authorized law enforcement officer of Hamilton County," (5) signed by the trial court judge, who under Code section 40-5-102(2) is a "magistrate," and (6) commanding law enforcement officers to arrest the Defendant. The document satisfies the requirements of an arrest warrant under Tennessee law. State v. Almeko Chiffon Woods, No. W2007-02025-CCA-R3-CD, Hardeman County, slip op. at 5 (Tenn. Crim. App. Aug. 28, 2008) (holding that although court order was not captioned as an arrest warrant or probation violation warrant, it satisfied the definition of "warrant for arrest" because it contained the judge's signature, listed the violations of the defendant's suspended sentence, and directed an officer to arrest the defendant). Cf. State v. Shad Tankersley, No. W2005-02901-CCA-R3-CD, Shelby County, slip op. at 5 (Tenn. Crim. App. Apr. 30, 2007) (holding that issuance of a probation

revocation warrant is the only event tolling the running of the suspended sentence and that when a revocation report is filed but no warrant is issued, there is no tolling of the suspended sentence). It was also issued during the term of the Defendant's four-year community corrections sentence, which was imposed on July 24, 2006. Thus, the trial court complied with Code section 40-35-311(a), and the issuance of the order commenced the present revocation proceedings and tolled the running of the sentence. See Shaffer, 45 S.W.3d at 355.

The record also supports the trial court's finding at the revocation hearing that the Defendant violated the terms of his four-year community corrections sentence. The Defendant admitted he drove during the term of his community corrections sentence when his license was suspended, thereby providing a basis for revocation. State v. Eric L. Abell, No. M2006-01981-CCA-R3-CD, Rutherford County, slip op. at 5 (Tenn. Crim. App. July 23, 2007) (holding defendant's admission of sentence terms' violation is a basis on which to revoke the sentence); State v. Eric D. Devaney, No. E2005-01986-CCA-R3-CD, Knox County, slip op. at 4-5 (Tenn. Crim. App. Aug. 17, 2006); State v. Michael Emler, C.C.A. No. 01C01-9512-CC-00424, Maury County, slip op. at 4 (Tenn. Crim. App. Nov. 27, 1996) (holding that where the defendant admitted failure to comply with terms of probation, the trial court's revocation was based upon evidence and "was neither arbitrary nor capricious"). He also acknowledged his extensive history of committing this offense as seen by his seven prior convictions for driving on a suspended license. We note that a finding of "willfulness" has been required for violations involving non-payment of fines, costs, and restitution. See State v. Dye, 715 S.W.2d 36, 40 (Tenn. 1986) (quoting Bearden v. Georgia, 461 U.S. 660, 672 (1983)) (fine, restitution); State v. Lori Ray, No. W1999-00641-CCA-R3-CD, Dyer County, slip op. at 4 (Tenn. Crim. App. Apr. 20, 2000) (restitution, costs).

In any event, when a defendant admits engaging in conduct constituting a crime while serving a community corrections sentence, a trial court is not precluded from revoking the sentence using this ground as the basis for revocation. See State v. Anthony Bufford, No. W2008-00801-CCA-R3-CD, Madison County, slip op. at 3 (Tenn. Crim. App. Apr. 1, 2009) (trial court properly revoked probation after finding that defendant had admitted smoking marijuana, while remaining drug-free was a term of his community corrections sentence); State v. Mathis Lamar Meadows, No. W2006-02534-CCA-R3-CD, Madison County, slip op. at 2 (Tenn. Crim. App. Apr. 24, 2007) (holding revocation was proper when defendant admitted allegations in revocation warrants, including that he had been convicted in another state during the time of his probation). In view of the testimony presented at the revocation hearing, the evidence supported the trial court's finding that the Defendant had violated the terms of his community corrections sentence. The trial court did not abuse its discretion in revoking the Defendant's community corrections sentence and ordering the Defendant to serve the balance of his four-year sentence in the Department of Correction.

## II. TWO-YEAR SENTENCE

The State concedes that the trial court improperly revoked the Defendant's two-year sentence because the sentence had expired. The record reflects that the Defendant's sentence expired in August of 2007. Thus, the trial court no longer had jurisdiction over the case and lacked authority

to revoke the expired sentence. The issuance of the capias regarding the two-year sentence in case number 255487 was void and did not toll the running of the sentence term.

We note, however, that the amended judgment in case 258929 states that theft of property valued over $10,000 is a Class D felony. Pursuant to Code section 39-14-105(4) (2006), the offense is a Class C felony. The court shall correct this judgment on remand.

Based on the foregoing and the record as a whole, we affirm the judgment revoking the Defendant's community corrections sentence in case 258929 but remand it to the trial court for correction of the amended judgment, and we vacate the judgment revoking the community corrections sentence in case 255487 because the sentence had expired.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE