# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs July 21, 2009

## STATE OF TENNESSEE v. CECIL HUGHES, JR.

**Direct Appeal from the Circuit Court for Sequatchie County**
**No. 4040    Thomas W. Graham, Judge**

---

**No. M2008-01441-CCA-R3-CD - Filed July 23, 2010**

---

Following a guilty plea to aggravated assault on October 22, 2001, Defendant was sentenced to six years at thirty percent, with one year to be served in the county jail and five years on supervised probation.  A probation violation warrant was issued on September 12, 2007, alleging that Defendant had violated the terms of his probation for failing to report and several other technical violations. The trial court revoked Defendant's probation on May 30, 2008, and ordered him to serve the remainder of his sentence incarcerated.  On appeal, Defendant argues that the trial court erred in revoking his  probation because his sentence was expired before the issuance of the violation warrant.  After a thorough review, we affirm the judgment of the trial court.

## Tenn. R. App. P. Appeal as of Right; Judgment of the Criminal Court Affirmed

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Philip A. Condra, District Public Defender; and B. Jeffery Harmon, Assistant Public Defender, Jasper, Tennessee, for the appellant, Cecil Hughes, Jr.

Robert E. Cooper, Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; J. Michael Taylor,  District Attorney General; and Steven Strain, Assistant District Attorney General, for the appellee, the State of Tennessee.

# OPINION

## I. Background

Haydee Perez-Parra of the Board of Probation and Parole testified for the State. Ms. Perez-Parra testified that she had been supervising Defendant in Marion County since August of 2006. She said that a violation was filed in September of 2007 because Defendant moved from Marion County to Rhea County without first obtaining her required approval of the new residence. Defendant also stopped reporting to her in May of 2007, and he had been arrested for sixth offense driving on a revoked license. Ms. Perez-Parra testified that the hearing on the driving on a revoked license charge was supposed to be held on November 13, 2007, but Defendant failed to appear resulting in a failure to appear warrant also being filed against Defendant in Rhea County.

On cross-examination, Ms. Perez-Parra testified that Defendant had obtained her approval of a previous residence before moving to the unapproved residence. She agreed that Defendant reported to Carolyn Reynolds in June of 2007, four days after he was supposed to meet with her. Ms. Perez-Parra testified that Defendant had transportation problems and depended on rides from other people. She said that he never provided proof of any medical problems. Ms. Perez-Parra testified that after the violation warrant was served on Defendant, he began reporting weekly to her. Upon questioning by the trial court, Ms. Perez-Parra added that Defendant had also failed to register as a sex offender until after the deadline to do so had expired, and he had not provided her with employment verification. He also failed a drug test.

Defendant testified that he notified Ms. Perez-Parra before moving to Soddy Daisy, Tennessee, and they had a phone conversation about him moving to Evensville Mountain Road in Rhea County. He said that he registered as a sex offender in Marion County, and he registered when he moved to Soddy Daisy. Defendant testified that he registered late when he moved to Rhea County because of transportation problems, and he notified Ms. Perez-Parra when he registered. Defendant testified that he stopped reporting to Ms. Perez-Parra because of several health problems. He said that he never moved from his residence on Evensville Mountain Road. Counsel then made a motion to dismiss the probation warrant because Defendant's sentence was expired at the time that the warrant was filed in September of 2007.

Concerning his employment situation, Defendant testified that until December of 2007, he worked on cars in his garage. He later purchased a construction company in which he was a partner. Defendant testified that he was willing to take a drug test and said that he tested positive on a previous drug test because his ex-wife gave him a cigarette containing

cocaine. Defendant said that he is able to report weekly to Ms. Perez-Parra because he now lives close enough to walk to the meetings.

On cross-examination, Defendant admitted that he had been on probation for the previous eleven years and had several problems reporting in this case and in other cases. He was aware that he was supposed to report every month. Defendant also admitted that he was charged with driving on a revoked license, and he failed to appear on that charge. He said that he was driving at the time because he had a child in distress, and he failed to appear for court because he had surgery that day.

## II. Analysis

Defendant does not contest that he violated the terms of his probation. Instead, he argues that his sentence for aggravated assault expired before the issuance of the violation warrant. T.C.A. § 40-35-310, which governs probation revocation, provides in pertinent part:

> The trial judge shall possess the power, at any time within the maximum time which was directed and ordered by the court for such suspension, after proceeding as provided in § 40-35-311, to revoke and annul such suspension, and in such cases the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension, and shall be executed accordingly [.]

In interpreting this statute, the Tennessee Supreme Court has held that "if a defendant successfully completes a probationary sentence, the trial court is without authority to revoke probation and order service of the original sentence." *State v. Hunter*, 1 S.W.3d 643, 646 (Tenn. 1999).

Defendant asserts that his sentence in this case expired before the probation violation warrant was issued because he was entitled to good behavior credits. However, Defendant failed to present sufficient evidence to support this claim. The record demonstrates that Defendant was sentenced on October 22, 2001, to serve a six-year sentence, consisting initially of one year of incarceration in the county jail followed by five years on probation. The judgment form reflects that Defendant was allowed work release after ninety days. The "Offender Movement Sheet for County Jails" shows that Defendant was discharged from the Sequatchie County Jail on October 18, 2002. His credit status was listed as "[b]onus;" however, there is nothing in the record to show how much of a "bonus" that Defendant received. In his brief, Defendant asserts that there was a "possibility" that he was entitled up to sixteen days per month for good behavior while serving the one year sentence, and he

admits that is "unclear from the movement sheet if such credit was awarded because it is unclear if the Defendant was in a work program."

In addition to the lack of proof concerning good behavior credits, the record shows that Defendant's probation was revoked on two previous occasions. He was ordered to be incarcerated an additional ninety days for the first violation and an additional year for the second violation. The first violation warrant was issued on September 15, 2003, and a revocation order was entered on February 23, 2004. The second violation warrant was issued on June 27, 2005, and the revocation order was entered on March 29, 2006. It is well-established that the issuance of the revocation warrant "interrupts the running of the probationary period 'until such time as the trial court [may] hear and determine the issue raised by the [warrant].'" *State v. Shaffer*, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting *McGuire v. State*, 200 Tenn. 315, 292 S.W.2d 190, 193 (Tenn. 1956)). We conclude that Defendant has not demonstrated that his sentence was expired on September 12, 2007, when the third probation violation warrant was filed. Therefore, the trial court did not abuse its discretion when it revoked Defendant's probation. This argument is without merit.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

THOMAS T. WOODALL, JUDGE