# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## TERRY JAMES LEE AKA TERRY LEE WILLIAMS v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Madison County**
**No. 01-970     Roger Page, Judge**

---

**No. W2008-00825-CCA-R3-CD  - Filed November 12, 2010**

---

The defendant, Terry James Lee aka Terry Lee Williams, appeals the revocation of his probation. He initially entered guilty pleas to felony evading arrest, reckless endangerment, and reckless aggravated assault, for which he received a total effective sentence of four years in the Tennessee Department of Correction. He served six months of his sentence before being placed on intensive probation. On appeal, he argues that the trial court did not have jurisdiction to revoke his probation and contends his sentence had expired. The State has moved the Court to affirm the revocation of probation pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. After careful review, we affirm the revocation of probation pursuant to Rule 20.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ALAN E. GLENN and J.C. MCLIN, JJ., joined.

George Morton Googe, District Public Defender, and Paul E. Meyers, Assistant Public Defender, for the appellant, Terry James Lee aka Terry Lee Williams.

Robert E. Cooper, Jr., Attorney General and Reporter, and Mary W. Francois, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

On June 10, 2003, the defendant pled guilty to charges of felony evading arrest, reckless driving, reckless endangerment, and reckless aggravated assault. He served six months of an effective four-year sentence in the Tennessee Department of Correction before his sentence was suspended and he was placed on intensive probation. The defendant's

sentence was set to expire on June 10, 2007.

A probation violation warrant was issued on May 16, 2007, which was before the expiration of his probation.[1] The revocation hearing did not occur until March 28, 2008, when the defendant's probation was revoked for receiving several new convictions, for failure to notify his probation officer of his new arrests, and for failure to report to his probation officer.

Rule 20 of the Rules of the Court of Criminal Appeals states:

The Court, with the concurrence of all judges participating in the case, when an opinion would have no precedential value, may affirm the judgment or action of the trial court by memorandum opinion rather than by formal opinion, when:

(1)(a) The judgment is rendered or the action is taken in a proceeding before the trial judge without a jury, and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge, or

(b) The judgment rendered or action taken relates to a finding of guilt before the trial judge without a jury, or with a jury, and the evidence is sufficient to support the finding by the trier of fact of guilt beyond a reasonable doubt, and

(2) No error of law requiring a reversal of the judgment or action is apparent on the record. The opinion in such case shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on in any unrelated case unless to establish a split of authority.

Here, the defendant's only claim on appeal is that the court was without jurisdiction to revoke his probation because the hearing took place after the expiration of his probation. However, the filing of the violation of probation warrant prior to the expiration of the original sentence stayed the expiration of the sentence. A defendant's probationary period may be interrupted by the issuance of a revocation warrant. If the probation revocation warrant is issued within the term of the sentence, the issuance of the warrant commences the revocation proceedings and, thereby, interrupts the running of the probationary period until such time as the trial court may hear and determine the issue raised by the warrant. *McGuire*

---

[1] The record reflects that the defendant's probation had been revoked on three prior occasions.

*v. State*, 292 S.W.2d 190, 193 (Tenn. 1956).  Therefore, the defendant is not entitled to relief.

Because the evidence is sufficient to support the revocation of probation and no error of law requiring reversal is apparent on the record, we grant the State's motion to affirm pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, JUDGE