IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 21, 2010

## STATE OF TENNESSEE v. GARY LYNN POOLE

**Appeal from the Circuit Court for Blount County**
**Nos. C-16706, C-16756, C-16760, C-17292       David R. Duggan, Judge**

_____

**No. E2010-01213-CCA-R3-CD - Filed January 13, 2011**

_____

The defendant, Gary Lynn Poole, appeals the revocation of his probation in case number C-16760, arguing that the sentence imposed in that case had expired before the filing of the probation revocation warrant. The State concedes that the trial court lacked jurisdiction to revoke the defendant's probation in case number C-16760 as well as case numbers C-16756 and C-16706. We agree that the trial court was without jurisdiction to revoke the defendant's probation in case numbers C-16706, C-16756, and C-16760. In consequence, we reverse the judgment of the trial court revoking the defendant's probation in those cases and dismiss the revocation warrants. We affirm the revocation and order of incarceration in case number C-17292.

**Tenn. R. App. P. 3; Judgments of the Circuit Court Affirmed in Part; Reversed and Dismissed in Part**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and D. KELLY THOMAS, JR., J., joined.

J. Liddell Kirk, Knoxville, Tennessee, for the appellant, Gary Lynn Poole.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; Mike Flynn, District Attorney General; and Andrew Watts, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The record contains plea agreement documents indicating that on June 9, 2007, the defendant pleaded guilty in case number C-16760 to one count of fourth offense driving under the influence ("DUI") in exchange for a sentence of one year to be served as 150 days'

incarceration followed by probation. The "Waiver and Submission for Habitual Motor Offender Status" contained in the record indicates that the defendant also pleaded guilty on June 9, 2007, to two separate counts of third offense DUI. The "Supplemental Probation Order" filed on June 9, 2007, which is captioned with case numbers C-16706, C-16756, and C-16760, provides for a total effective sentence of one year to be served as 150 days' incarceration followed by probation. The only judgment forms in the record on appeal are from case number C-16760, and they recite the conviction and sentence memorialized in the plea agreement documents.[1]

On January 8, 2008, the defendant was released from the Blount County Jail and placed on probation. On March 17, 2008, a probation violation warrant captioned under case number C-16760 issued alleging that the defendant had violated the terms of his probation by garnering a new arrest for violating the Motor Vehicle Habitual Offender order and failing to pay his court costs and fines. Ten days later, the warrant was amended to include case numbers C-16706 and C-16756. On March 31, 2008, the trial court revoked the defendant's probation and ordered him to serve 60 days' incarceration. The court further ordered that "[u]pon release the defendant shall immediately report back to supervised probation for the balance of his sentence."

On March 8, 2010, the defendant's probation officer filed a probation violation report captioned under case numbers C-16706, C-16756, C-16760, and C-17292 alleging that the defendant had violated the terms of his probation by garnering a new arrest for domestic violence assault, by testing positive for cocaine, and by failing to pay court costs and fines. A probation violation warrant issued one day later.

At the May 24, 2010 probation revocation hearing, the defendant admitted the alleged probation violations and asked the court to place him back on probation after service of 60 days' incarceration. The State noted the previous revocation in case numbers C-16706, C-16756, and C-16760, stating that the earlier revocation was precipitated by the defendant's pleading guilty to violating the Motor Vehicle Habitual Offender order in case number C-17292 on April 14, 2008, in exchange for a two-year sentence to be served on probation. At the conclusion of the hearing, the trial court revoked the defendant's probation in all four cases and ordered that he "serve the sentence as previously ordered." The trial court also granted pretrial jail credit in case numbers C-16706, C-16756, and C-16760 from August 9, 2007 to January 5, 2008, and from March 17, 2008 to April 27, 2008. The court granted pretrial jail credit in case number C-17292 from March 17, 2008 to April 14, 2008.

---

[1]The judgment form for count one of case number C-16760 states a charged offense of DUI and no conviction offense. The special conditions portion of the judgment form states, "This count merges by operation of law with Count 2."

In this appeal, the defendant contends that the trial court was without jurisdiction to revoke his probation in case number C-16760 because the sentence had expired prior to the issuance of the March 9, 2010 probation violation warrant. The State concedes that the trial court was without jurisdiction to revoke the defendant's probation in case numbers C-16706, C-16756, and C-16760. We agree with the State.

Upon a finding by a preponderance of the evidence that the defendant has violated the conditions of probation, the trial court may revoke the defendant's probation and "cause the defendant to commence the execution of the judgment as originally entered, or otherwise in accordance with § 40-35-310." T.C.A. § 40-35-311(e) (2006); *see also Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). Following a revocation, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension." *Id.* § 40-35-310. The revoking court may elect to extend the period of probation supervision for a period not to exceed two years. *Id.* § 40-35-308(c).

The decision to revoke probation rests within the sound discretion of the trial court, and this court will not disturb the trial court's ruling in the absence of a showing that the trial court abused that discretion. *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001) (citing *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991)); *see also State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007) ("The standard of review upon appeal of an order revoking probation is the abuse of discretion standard."). The trial court, as the trier of fact in a probation revocation hearing, determines the credibility of witnesses. *See generally State v. Mitchell*, 810 S.W.2d 733 (Tenn. Crim. App. 1991); *see also Carver v. State*, 570 S.W.2d 872 (Tenn. Crim. App. 1978).

It is well settled that a "revocation may only occur 'within the maximum time which was directed and ordered by the court' or in other words, within the probationary period." *Shaffer*, 45 S.W.3d at 555 (quoting T.C.A. § 40-35-310). The filing of a revocation warrant, however, "commences the revocation proceedings and thereby interrupts the running of the probationary period 'until such time as the trial court [may] hear and determine the issue raised by the [warrant].'" *Id.* (quoting *McGuire v. State*, 292 S.W.2d 190, 193 (Tenn. 1956)) (alteration in original).

Following the March 31, 2008 revocation of his probation, the defendant was ordered to serve 60 days' incarceration and then be returned to probation for the balance of his previously imposed one-year sentence. The trial court did not extend the defendant's probationary term. The next violation warrant did not issue until March 9, 2010, nearly two years later. The one-year effective sentence imposed in case numbers C-16706, C-16756, and C-16760, even if fully reinstated at the time of the March 31, 2008 revocation, had expired before the filing of the March 9, 2010 probation violation warrant. As such, the trial

-3-

court was without jurisdiction to revoke the defendant's probation in those cases.

At the revocation hearing, the State indicated that the trial court imposed a two-year sentence in case number C-17292 to be served consecutively to the one-year effective sentence imposed in case numbers C-16706, C-16756, and C-16760. As a result, that sentence, which was imposed on April 14, 2008, had not expired when the probation violation warrant was filed on March 9, 2010. Given that the defendant admitted violating his probation by picking up a new conviction for domestic violence assault and by using cocaine, the trial court did not abuse its discretion by revoking the defendant's probation and ordering that he serve the balance of his sentence in case number C-17292 in confinement.

Accordingly, the judgment of the trial court revoking the defendant's probation in case numbers C-16706, C-16756, and C-16760 is reversed, and the probation violation warrants are dismissed in those cases. The judgment of the trial court revoking the defendant's probation and ordering an incarcerative sentence in case number C-17292 is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE