# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### August 3, 2010 Session

## STATE OF TENNESSEE v. ADRIAN ANN CRAIN

### Direct Appeal from the Circuit Court for Madison County
#### No. 01-868    Donald Allen, Judge

---

### No. W2010-00274-CCA-R3-CD  - Filed February 17, 2011

---

The defendant, Adrian Ann Crain, appeals the revocation of her probation sentence, claiming that the state denied her right to a speedy trial and that the trial court did not have jurisdiction when it revoked her sentence and ordered that she serve the remainder of her sentence in the Tennessee Department of Correction.  Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and JOHN EVERETT WILLIAMS, JJ., joined.

Wendell L. Hoskins, II, Dyersburg, Tennessee, for the appellant, Adrian Ann Crain.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; James G. Woodall, District Attorney General; and Shaun A. Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Background

According to the available record, on November 5, 2001, a Madison County grand jury indicted the defendant, Adrian Ann Crain, for conspiracy to manufacture methamphetamine, a Class C felony; possession of methamphetamine with the intent to deliver, a Class E felony; and possession of diazepam and marijuana, Class A misdemeanors. The defendant pleaded guilty as charged on August 12, 2002, and, on August 20, 2002, the trial court sentenced the defendant to an effective five-year sentence with her serving 120 days in the county jail and the remainder on supervised probation.  The trial court permitted

the defendant to serve her probation, which would expire on August 12, 2007, in her home state of Missouri.

On December 23, 2003, the defendant's probation officer filed a probation violation report which alleged that, on November 12, 2003, the defendant tested positive for methamphetamine, amphetamine, and cocaine. The defendant's probation officer agreed with the Missouri probation officer's recommendation that the court should continue the probation violation, and he submitted the violation only for the court's information.

On February 28, 2004, Missouri authorities arrested the defendant for possession of equipment and chemicals with intent to manufacture methamphetamine and filed a charge against her in state court. The Missouri state court later dismissed the charge in favor of prosecution in federal court. The defendant pleaded guilty to the federal charge, and the court sentenced her to serve eight years in federal prison.

Based on the defendant's arrest and conviction in Missouri, the Madison County Criminal Court issued a probation violation warrant on April 1, 2004. On June 6, 2005, the Madison County Sheriff's Office filed a detainer removal request with the Missouri Department of Corrections asking that they forward the defendant to the custody of the United States Marshals. The defendant filed a motion for disposition of probation warrant and detainer on December 7, 2009, which was the day of the probation revocation hearing. At the probation revocation hearing, the defendant admitted the probation violation. The trial court revoked her probation in a written order filed December 29, 2009, and the defendant filed a motion to arrest judgment on January 27, 2010. The defendant now appeals the trial court's revocation of her probation.

**Analysis**

On appeal, the defendant argues that the state violated her right to a speedy trial and that the trial court did not have jurisdiction when it revoked her probation. The defendant asserts that the state violated her right to a speedy trial because her probation revocation hearing occurred sixty-eight months after the court issued the probation violation warrant although "the State knew exactly where [she] was at all times in the years that elapsed between initiation of the proceedings and the eventual hearing." She also claims that the trial court did not have jurisdiction to revoke her probation because the term of her original sentence had expired prior to the court's revoking her probation. The state replies that the defendant has raised the issue of violation of her right to a speedy trial for the first time on appeal and, thus has waived it. The state further responds that, if this court does not deem the issue waived, the delay in this case is attributable to the defendant, and it did not violate the defendant's right to a speedy trial.

We agree with the state that the defendant has waived the issue of denial of her right to a speedy trial. If the defendant had a viable speedy trial contention, she should have argued it before her probation revocation hearing, and in the event of an adverse ruling, preserved the issue for argument on appeal. She did not do this. Thus, she has waived her speedy trial issue. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). "Failure to present an issue to the trial court . . . will typically not merit appellate relief." Tenn. R. App. P. 3(e), Advisory Commission Comments. Generally, an appellate court will not allow a party to raise an issue for the first time on appeal because such action denies the adversary opportunity to rebut the issue with evidence and argument. *See Walsh v. State*, 166 S.W.3d 641, 645 (Tenn. 2005) ("Issues not addressed in the post-conviction court will generally not be addressed on appeal."); *State v. Adkisson*, 899 S.W.2d 626, 635 (Tenn. Crim. App. 1994) ("[A] party will not be permitted to assert an issue for the first time in the appellate court."). Furthermore, a petitioner may not change theories between the lower court and the appellate court. *State v. Alder*, 71 S.W.3d 299, 303 (Tenn. Crim. App. 2001). The petitioner failed to present this claim before the trial court, which was a court of competent jurisdiction. Accordingly, we conclude that the petitioner has waived this issue.

For her second argument, the defendant contends that the trial court did not have jurisdiction over her case when it revoked her probation sentence. According to the defendant, her original sentence "was set to run until August 12, 2007. Thus, the trial court lost jurisdiction on that date, and the Order Revoking Probation entered on December 29, 2009, is without legal effect." The defendant posits that "an un-served [sic] warrant does not represent sufficient progress in the judicial system to halt the elapse of her statutory sentencing period."

Tennessee Code Annotated section 40-35-311(a) authorizes a trial court to order the issuance of a "warrant for the arrest" of defendants who are alleged to have violated the terms of their suspended sentences. "If the probation revocation warrant is issued within the term of the sentence, the issuance of the warrant commences the revocation proceedings." *State v. Shaffer*, 45 S.W.3d 553, 555 (Tenn. 2001) (citing *McGuire v. State*, 292 S.W.2d 190, 193 (Tenn. 1956)). The court's issuance of the revocation warrant tolls the running of the suspended sentence until the trial court can conduct a hearing to determine the issues raised in the warrant. *Shaffer*, 45 S.W.3d at 555 (citing *Allen v. State*, 505 S.W.2d 715, 717 (Tenn.1974)).

Here, the court issued the probation revocation warrant on April 1, 2004, which was within the term of the defendant's sentence. The court's issuance of the warrant tolled the running of the defendant's sentence, and thus, the sentence had not run when the trial court revoked the defendant's probation sentence. We conclude that the trial court did have

jurisdiction to revoke the defendant's probation. The issue is without merit, and the defendant is not entitled to relief.

## Conclusion

Based on the foregoing, we affirm the trial court's revocation of the defendant's probation sentence.

_____

J.C. McLIN, JUDGE