# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs August 3, 2010

## DAVID BANKSTON v. TONY PARKER, WARDEN

**Appeal from the Circuit Court for Madison County**
**No. C-10-1     Roy Morgan, Judge**

**No. W2010-00171-CCA-R3-HC  - Filed September 2, 2010**

The petitioner, David Bankston, appeals from the summary dismissal of his petition for writ of habeas corpus, alleging that the two-year sentence imposed for his 2007 conviction of ninth offense driving under the influence has expired. Because the petitioner has failed to establish that his sentence has, in fact, expired, or that he is otherwise entitled to habeas corpus relief, we affirm the denial of habeas corpus relief.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and J.C. MCLIN, JJ., joined.

David Bankston, Tiptonville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Cameron L. Hyder, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

On April 9, 2007, the petitioner pleaded guilty to driving under the influence, ninth offense, and the trial court imposed a sentence of two years to be served in the Tennessee Department of Correction (TDOC). The petitioner was released from TDOC on October 13, 2007, and placed under the supervision of the State Board of Probation and Parole.[1] A probation violation warrant issued on December 23, 2008, and the trial court

---

[1]Aside from the terms of the petitioner's conviction and sentence, which we glean from the judgment form attached to the petition for writ of habeas corpus, the facts of the case are taken from the order

(continued...)

revoked the petitioner's probation on April 20, 2009. A second probation violation warrant issued on August 27, 2009, and the trial court revoked the petitioner's probation for a second time on September 14, 2009. On January 5, 2010, the petitioner filed a petition for writ of habeas corpus alleging that his two-year sentence expired prior to the revocation of his probation on September 14, 2009, and that, as a result, the trial court was without subject matter jurisdiction to consider the probation revocation. On January 10, 2010, the habeas corpus court entered an order dismissing the petition on grounds that the petitioner had failed to establish the claimed sentence expiration, that the petitioner had filed his petition in the wrong county, and that the petitioner had failed to establish that his judgment was void.

The petitioner filed a timely notice of appeal on January 20, 2010. In this appeal, the petitioner contends that he is entitled to habeas corpus relief because his sentence has expired. The State contends that because the petitioner failed to attach to his petition sufficient documentation to support his claim of sentence expiration and because the petitioner's sentence has not expired, the habeas corpus court did not err by summarily dismissing the petition for writ of habeas corpus.

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)).

The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, *see Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101 (2000). Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. (5 Cold.) 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer*

---

[1](...continued)
dismissing the petition.

*v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Because in the petitioner's case the trial court apparently had jurisdiction over the *actus reus*, the subject matter, and the person of the petitioner, the petitioner's jurisdictional issues are limited to the claims that the court was without authority to enter the judgments. *See Anglin*, 575 S.W.2d at 287 ("'Jurisdiction' in the sense here used, is not limited to jurisdiction of the person or of the subject matter but also includes lawful authority of the court to render the particular order or judgment whereby the petitioner has been imprisoned."); *see also Archer*, 851 S.W.2d at 164; *Passarella*, 891 S.W.2d at 627.

In addition to the various procedural requirements for the prosecution of a petition for writ of habeas corpus contained in the Code, *see generally* T.C.A. §§ 29-21-105 to -112, our supreme court has held that "[t]he petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition." *Summers v. State*, 212 S.W.3d 251, 261 (Tenn. 2007). "[A]n adequate record for summary review must include pertinent documents to support those factual assertions" contained in the petition. *Id.* When a petitioner fails to attach to his petition sufficient documentation supporting his claims, the habeas corpus court may summarily dismiss the petition. *Id.*

Here, the petitioner claims that his sentence, originally imposed on April 9, 2007, was set to expire on February 11, 2009, after application of the sentence reduction credits he earned while incarcerated. He also claims that the order revoking his probation came only after his sentence had expired. The documentation attached to his petition for writ of habeas corpus, however, indicates that summary dismissal was appropriate.

The order dismissing the petition for writ of habeas corpus establishes that the first probation violation warrant issued on December 23, 2008, months before the petitioner's sentence was set to expire on April 9, 2009. The filing of a probation violation warrant tolls the expiration of the suspended sentence. *See State v. Shaffer*, 45 S.W.3d 553, 555 (Tenn. 2001) ("If the probation revocation warrant is issued within the term of the sentence, the issuance of the warrant commences the revocation proceedings and thereby interrupts the running of the probationary period 'until such time as the trial court [may] hear and determine the issue raised by the [warrant].'" (quoting *McGuire v. State*, 292 S.W.2d 190, 193 (Tenn. 1956) (alteration in *Shaffer*)). The issuance of the revocation warrant, rather than its service upon the petitioner commenced the revocation proceedings and triggered the tolling of the sentence expiration. The probation violation warrant issued on August 27, 2009, which is appended to the petition for writ of habeas corpus, indicates that the petitioner's probationary term was extended by two years following the previous revocation of probation. From the sparse information available from the documentation attached to the petition and the habeas corpus court's order of dismissal it is impossible to determine the

validity of the petitioner's claim that his sentence has expired.  Given *Summer's* mandate that, to avoid summary dismissal, a habeas corpus petitioner must attach sufficient documentation to his petition to support his claims, the habeas corpus court did not err by summarily dismissing the petition in this case.

Finally, to the extent that the petitioner complains about the propriety of either of the probation revocations in his case, those claims are not cognizable grounds for habeas corpus relief.

Accordingly, the judgment of the habeas corpus court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE