IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE Assigned on Briefs January 15, 2014

## CHESTER L. WALLACE v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County
No. 2006C1906Mark J. Fishburn, Judge**

---

**No. M2013-01685-CCA-R3-HC Filed 06/04/2014**

---

Petitioner, Chester L. Wallace, appeals the trial court's summary dismissal of his petition for writ of habeas corpus. He alleges that his sentence had expired before an outstanding probation violation warrant was executed and served upon him. Therefore, he claims that the trial court was without jurisdiction to revoke his probation and impose the sentence. Petitioner also argues that the trial court erroneously failed to award him thirty months of pretrial jail credit from his arrest in 2006 to his guilty plea in 2008. He further asserts that the trial court erred by refusing to appoint "new counsel" to represent him at the probation revocation hearing and that the trial court should have appointed counsel for Petitioner's habeas corpus proceedings. After a thorough review, we affirm the judgment of the trial court in the habeas corpus proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and ROBERT W. WEDEMEYER, J., joined.

Chester L. Wallace, Pikeville, Tennessee, *Pro Se*.

RobertE.Cooper,Jr.,AttorneyGeneral and Reporter; Clark B.Thornton,Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Dina Shabayek, Assistant District Attorney General, for the appellee, the State of Tennessee.

## OPINION

## I. Background

On July 28, 2006, the Davidson County Grand Jury indicted Petitioner in Case No. 2006-C-1906 for burglary of a motor vehicle and theft of property. On November 20, 2008, Petitioner entered a plea of guilty to burglary of a motor vehicle, a Class E felony, with an agreed

-1

sentence of two years on probation as a Range II multiple offender. The sentence was ordered to be served consecutively to a "TDOC sentence that expired on November 28, 2008." The judgment noted that the two years of probation was effective November 29, 2008. The judgment did not provide for any pretrial jail credit.

On January 8, 2009, a warrant was issued against Petitioner alleging that he had violated the conditions of his probation in Case No. 2006-C-1906 by: (1) being arrested on December 18, 2008, in Hamilton County, Tennessee for aggravated robbery, driving on a revoked license, unlawful carrying of a weapon, and theft of property; (2) failing to report the new arrests; (3) unlawfully carrying a weapon; (4) failing to notify his probation officer before changing residences; and (5) failing to report to his probation officer. Petitioner was served with the warrant in December 2012. On January 16, 2013, the trial court held a hearing and revoked Petitioner's probation and ordered him to serve his original two-year sentence in confinement. In an amendment to the judgment, Petitioner was "granted the following jail credit: 5-17-06 to 6-19-06 [and] 12-18-12 to 12-18-12." Petitioner filed a subsequent *pro se* petition for writ of habeas corpus alleging that his sentence expired before the outstanding probation violation warrant was executed and served upon him. Therefore, he asserts the trial court was without jurisdiction to revoke his probation and impose the original sentence. He also argues that the trial court failed to award him thirty months of pretrial jail credit and that the trial court should have appointed "new counsel" to represent him at the probation revocation. Petitioner also asserts that the trial court should have appointed him counsel for his habeas corpus proceedings. The criminal court summarily dismissed the petition. Petitioner now appeals.

## II. Standard of Review

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tennessee Code Annotated sections 29-21-101 through 29-21-130 codify the applicable procedures for seeking a writ. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record of the proceedings upon which the judgment was rendered that a court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *See Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. *Archer*, 851 S.W.2d at 163. A void judgment is a facially invalid judgment, clearly showing that a court did not have statutory authority to render such judgment; whereas, a voidable judgment is facially valid, requiring proof beyond the face of the record or judgment to establish its invalidity. *See Taylor*, 995 S.W.2d at 83. The burden is on the petitioner to establish by a preponderance of the evidence that the sentence is void or that the confinement is illegal. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). Moreover, it is permissible for a court to summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if the petitioner does not state a cognizable claim. *See Summers*, 212 S.W.3d at 260; *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004).

In this case, Petitioner first argues the trial court was without jurisdiction to revoke his probation because the judgment was entered for his two-year sentence on November 20, 2008, and the sentence was expired when his probation was revoked more than four years later on January 16, 2013. We disagree. As pointed out by the trial court in its order denying Petitioner's petition for writ of habeas corpus, the probation violation warrant was issued on January 8, 2009. As the trial court noted:

> [W]hen a probation revocation warrant is issued within the term of the sentence, the revocation proceedings commence and the sentence is thereby interrupted until the trial court holds a probation revocation hearing, and determines the grounds for the warrant. *McGuire v. State*, 292 S.W.2d 190, 193 (Tenn. 1956). Accordingly, the filing of a probation violation warrant tolls the expiration of the sentence. *State v. Shaffer*, 45 S.W.3d 553, 555 (Tenn. 2001). Petitioner's sentence was entered on November 2, 2008, and the probation violation warrant was issued on January 8, 2009, well within Petitioner's two (2) year sentence. Thus, the Court retained jurisdiction and authority to sustain the probation violation, placing Petitioner's two (2) year sentence into effect.

Because the probation violation warrant was issued before Petitioner's sentence expired, this issue is without merit.

Next, Petitioner contends that he is entitled to habeas corpus relief because the trial court failed to grant him thirty months of pretrial jail credit from his arrest in May of 2006 until his release from custody on probation in November of 2008.

> The failure of the trial court to credit the petitioner with the credits mandated under Code section 40-23-101(c) contravenes the requirements of that statute and results, therefore, in an illegal sentence, an historically cognizable claim for habeas corpus relief. *See generally May v. Carlton*, 245 S.W.3d 340, 344 (Tenn.2008)("An illegalsentence,one whose imposition directlycontravenes a statute, is considered void and may be set aside at any time."). Accordingly, to mount a sustainable habeas corpus challenge regarding the award of pretrial jail credits a petitioner must establish that the trial court failed to award him the pretrial jail credits he earned under Code section 40-23-101(c). To establish the substance of his claim and bring the claim within the ambit of habeas corpus review, the petitioner must show (1) that he was incarcerated "pending arraignment and trial" on the offense or offenses that led to the challenged convictions or "subsequent to" the challenged conviction or convictions and (2) that the trial court failed to award credit for the incarceration on the challenged judgment.
>
> To satisfy the procedural requirements for habeas corpus relief and to avert a summary dismissal, the petitioner must make the enumerated showings "with

-3-

pertinent documents from the record of the underlying proceedings." *Summers v. State*, 212 S.W.3d 251, 262 (Tenn. 2007). Thus, a petitioner who claims entitlement to habeas corpus relief from a sentence rendered illegal by the trial court's failure to award mandatory pretrial jail credits must exhibit to his petition sufficient documentation from the record to establish that he is indeed entitled to pretrial jail credit under Code section 40-23-101 as indicated above and that the trial court erroneously failed to award it.

*Michael W. Belcher v. David Sexton, Warden*, 2014 WL 890947, at *3 (Tenn. Crim. App. Mar. 6, 2014).

In this case, as pointed out by the State, Petitioner has not attached any documents that would support his claim. He relies on various TOMIS sentencing management documents; however, these reports are not "part of the record of the underlying proceedings" and cannot establish a claim for habeas corpus relief. *Tucker v. Morrow*, 335 S.W.3d 116, 124 (Tenn. Crim. App. 2009). In his petition for writ of habeas corpus, Petitioner notes that he was transferred to the Department of Correction on a parole violation on June 19, 2006, which was approximately one month after his arrest on the charges in Case No. 2006-C-1906. He was convicted of the charges in Case No. 2006-C-1906 on November 20, 2008, and the sentence was ordered to run consecutively to his nearly-expired "TDOC" sentence. In order for a defendant to be entitled to pretrial jail credit, it is well-settled that he or she must be held in pretrial custody for the charge from which the conviction arises. *Tucker*, 335 S.W.3d at 123 (citing *Trigg v. State*, 523 S.W.2d 375, 375-76 (Tenn. Crim. App. 1975)). Furthermore, a defendant is not entitled to credit on a separate but unrelated charge that was merely pending while serving the sentence on another case. *See, e.g. Octavis Arnold v. Cherry Lindamood, Warden*, No. W2012-00666-CCA-R3-HC, 2013 WL 132509, at *2 (Tenn. Crim. App. Jan. 10, 2013).

Since Petitioner did not provide any documentation from the record of the underlying proceedings to support his claim for habeas corpus relief, the trial court did not err in summarily dismissing his petition. Moreover, we also note that the judgment was amended to grant Petitioner jail credit in Case No. 2006-C-1906 from his arrest date on May 17, 2006, to June 19, 2006, when he was transferred to the Tennessee Department of Correction in an unrelated case pursuant to a parole violation. Petitioner is not entitled to any relief on this issue. While the judgment as originally entered was possibly subject to habeas corpus relief because it failed to provide pretrial jail credit, this affected only the sentence portion of the judgment and not the conviction. In any event, this shortcoming was remedied by the amendment to the judgment prior to the filing of the petition for habeas corpus relief. *See Cantrell v. Easterling*, 346 S.W.3d 445, 456 (Tenn. 2011).

Finally, Petitioner argues that the trial court erred by failing to appoint new counsel during his probation revocation proceedings and by failing to appoint counsel for his habeas corpus proceedings. However, these claims are not cognizable in a habeas corpus proceeding. Furthermore, the trial court was not required to appoint counsel for Petitioner for the habeas corpus proceedings. As previously stated, it is permissible for a court to summarily dismiss a petition for habeas corpus

relief, without the appointment of counsel and without an evidentiary hearing, if the petitioner does not state a cognizable claim. *See Summers*, 212 S.W.3d at 260; *Hickman*, 153 S.W.3d at 20.

We conclude that the trial court did not err in summarily dismissing the petition. Petitioner is not entitled to relief on this issue. After a thorough review, we affirm the judgment of the trial court.

_____

THOMAS T. WOODALL, JUDGE