

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 7, 2017

**STATE OF TENNESSEE v. JOHN HUDSON**

**Appeal from the Criminal Court for Shelby County**
**No. 09-04562        Chris Craft, Judge**

_____

**No. W2016-00913-CCA-R3-CD**

_____


John Hudson ("the Defendant") appeals the trial court's denial of his motion for reduction of sentence under Rule 35 of the Tennessee Rules of Criminal Procedure, asserting that he was entitled to relief because the trial court acted without jurisdiction when it revoked the Defendant's probation. Discerning no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and JAMES CURWOOD WITT, JR., J., joined.

John Hudson, Memphis, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Reggie Henderson, Assistant District Attorney General, for the appellee, State of Tennessee.


**OPINION**


On July 23, 2009, the Shelby County Grand Jury indicted the Defendant for theft over $10,000 and burglary. Pursuant to a plea agreement, the Defendant pleaded guilty, as a Range I standard offender, to theft over $10,000 on October 27, 2010, and was sentenced to five years' probation.[1] On November 12, 2014, the trial court issued a probation violation warrant based on allegations that the Defendant was arrested for theft over $10,000 on October 7, 2014, in Brownsville and that the Defendant traveled outside

---

[1] The State dismissed the burglary charge as part of the plea agreement.

the county without permission. On October 29, 2015, the trial court entered an order revoking the Defendant's probation. On April 5, 2016, the Defendant filed a pro se Motion for Rule 35 Correction, Modification, and/or Reduction on Currently Imposed Sentence. The trial court denied the Defendant's motion without a hearing. The trial court found that:

> The [D]efendant, while on probation for a [five] year sentence for [t]heft over $10,000, committed the same crime again while on probation, and it took the Shelby County fugitive squad ten months to serve him with the warrant for violation. His probation was revoked October 29, 2015. This court feels he is undeserving of having his sentence reduced.

> This appeal follows.

## Analysis

On appeal, the Defendant contends that the trial court did not have jurisdiction to revoke his probation because he had successfully completed probation before the filing of the violation warrant. As such, the Defendant argues, the trial court should have granted his Rule 35 motion "in the interest of justice." The State responds that the Defendant waived any challenge to the initial probation revocation because he did not appeal the trial court's order and that the trial court properly exercised its discretion to deny the Defendant's untimely Rule 35 motion. We agree with the State.

Rule 35 of the Tennessee Rules of Criminal Procedure provides, as follows:

(a) Timing of Motion. The trial court may reduce a sentence upon motion filed within 120 days after the date the sentence is imposed or probation is revoked. No extensions shall be allowed on the time limitation. No other actions toll the running of this time limitation.

(b) Limits of Sentence Modification. The court may reduce a sentence only to one the court could have originally imposed.

(c) Hearing Unnecessary. The trial court may deny a motion for reduction of sentence under this rule without a hearing.

(d) Appeal. The defendant may appeal the denial of a motion for reduction of sentence but shall not be entitled to release on bond unless already under bond. If the court modifies the sentence, the state may appeal as otherwise provided by law.

Tenn. R. Crim. P. 35. According to the Advisory Commission Comments to Rule 35, "[t]he intent of this rule is to allow modification only in circumstances where an alteration of the sentence may be proper in the interests of justice."

This court reviews a trial court's denial of a Rule 35 motion under an abuse of discretion standard. *State v. Ruiz*, 204 S.W.3d 772, 778 (Tenn. 2006); *State v. Edenfield*, 299 S.W.3d 344, 346 (Tenn. Crim. App. 2009). "[A]n appellate court should find that a trial court has abused its discretion only when the trial court has applied an incorrect legal standard, or has reached a decision which is illogical or unreasonable and causes an injustice to the party complaining." *Ruiz*, 204 S.W.3d 778 (citing *Howell v. State*, 185 S.W.3d 319, 337 (Tenn. 2006)).

As noted by the State, the Defendant's Rule 35 motion was untimely filed. The record reflects that the trial court revoked probation on October 29, 2015, but the Defendant did not file his Rule 35 motion until April 5, 2016, more than 120 days later. Rule 35 clearly provides that no extension shall be allowed and no action may toll the running of the 120-day limitation period. Tenn. R. Crim. P. 35(a). Accordingly, the denial of the Defendant's Rule 35 motion was proper.

Moreover, the Defendant's argument that the trial court lacked jurisdiction to revoke his probation has been waived and, in any event, lacks merit. Following the trial court's entry of the order revoking the Defendant's probation, the Defendant failed to appeal the decision, thereby waiving this issue. An appeal as of right is available to criminal defendants from an order denying or revoking probation. Tenn. R. App. P. 3(b). In this case, the trial court entered an order revoking the Defendant's probation on October 29, 2015. To seek review of that decision, the Defendant had to file a notice of appeal within thirty days of the entry of that order. Tenn. R. App. P. 4(a). Because the Defendant chose not to file a notice of appeal, the trial court's order of revocation became final on November 30, 2015. Therefore, any challenge to the probation revocation is not properly before this court.

Regardless, the record clearly establishes that the trial court had jurisdiction to revoke the Defendant's probation. If a probation violation warrant is issued within the term of a defendant's probationary sentence, "the issuance of the warrant commences the revocation proceedings and thereby interrupts the running of the probationary period 'until such time as the trial court [may] hear and determine the issue raised by the [warrant].'" *State v. Shaffer*, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting *McGuire v. State*, 292 S.W.2d 190, 193 (Tenn. 1956)). It is the issuance of the probation violation warrant that triggers the interruption of the probationary period, not the service of the warrant on the defendant. *Id.* (citing *Allen v. State*, 505 S.W.2d 715, 717 (Tenn. 1974)).

- 3 -

Here, the trial court issued the violation warrant on November 12, 2014, within the five years' probation ordered by the court in October 2010.  Because the probation violation warrant was issued within the probationary period, the trial court had jurisdiction to revoke probation.  The Defendant is not entitled to relief.

### **Conclusion**

For the aforementioned reasons, the judgment of the trial court is affirmed.


_____

ROBERT L. HOLLOWAY, JR., JUDGE