FILED

10/16/2017

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

July 18, 2017 Session

## STATE OF TENNESSEE v. VINCENT D. CLARK

**Appeal from the Circuit Court for Montgomery County**
**No. 41200787    William R. Goodman, III, Judge**

---

### No. M2016-02101-CCA-R3-CD

---

In this appeal as of right, the State challenges the Montgomery County Circuit Court's dismissal of a probation revocation warrant as untimely. Because the probationary period of the defendant, Vincent D. Clark, had not expired at the time of the filing of the revocation warrant, the trial court erred in its dismissal. Accordingly, we vacate the trial court's judgment and remand for a new hearing.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Vacated; Remanded**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and TIMOTHY L. EASTER, JJ., joined.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; John W. Carney, District Attorney General; and Chris Dotson, Assistant District Attorney General, for the appellant, State of Tennessee.

Travis N. Meeks, Clarksville, Tennessee, for the appellee, Vincent D. Clark.

## OPINION

On September 12, 2012, the defendant pleaded guilty to one count each of reckless homicide and reckless aggravated assault in exchange for concurrent four-year sentences to be served on probation following the service of one year in confinement. The defendant received 59 days of pretrial jail credit.

On February 17, 2013, the defendant was released from the Montgomery County jail after serving 217 days, having received 143 credit days. Nearly five months later, on July 8, 2013, the trial court issued a probation violation warrant against the

defendant for multiple violations. The trial court dismissed the warrant on March 7, 2014, and reinstated the defendant to probation.

On July 8, 2015, the trial court again issued a probation violation warrant. On December 17, 2015, the defendant admitted the violations, and the trial court reinstated him to probation.

On June 20, 2016, the defendant's probation supervisor filed a probation violation report, alleging that the defendant had violated the terms of his probation by failing two separate drug screens. The trial court issued a third probation violation warrant on that same date and conducted a hearing on September 15, 2016.

At the hearing, the defendant argued that, because he was released from incarceration on February 17, 2013, having fulfilled his one-year sentence of confinement, his remaining three-year probationary sentence had expired on February 17, 2016, and that the June 20, 2016 probation violation warrant was therefore issued too late. The trial court agreed, finding that the defendant's "probation was completed in February 2016." The trial court subsequently dismissed the probation violation warrant.

From this dismissal, the State appeals, arguing that the defendant's four-year sentence had not expired at the time of the filing of the June 2016 revocation warrant.

The accepted appellate standard of review of a probation revocation is abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *see also State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007). Generally, "[a] trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010).

In the present case, several problems must be addressed. First, the trial court was incorrect in ruling that the defendant had completed his probationary sentence in February 2016. The decision to grant or deny sentence reduction credits lies solely within the discretion of the administrative office where an inmate is incarcerated, *see* T.C.A. § 41-21-236(a)(3), but the Department of Correction "may not alter the judgment of the [trial] court," *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978). Although the defendant was properly released from incarceration prior to the full service of one year in split confinement, his early release did nothing to reduce the total amount of his four-year sentence. "A four-year sentence will expire after service of 1460 days." *State v. Taylor*, 992 S.W.2d 941, 944 (Tenn. 1999). Accordingly, the defendant's sentence was originally

set to expire in July 2016 (due to the pretrial jail credit) rather than February 2016.

The expiration of the defendant's sentence, however, was repeatedly altered by the issuance of multiple probation revocation warrants. It is well-established that the filing of a revocation warrant tolls the limitations period for prosecuting a violation of probation. *See, e.g., State v. Shaffer*, 45 S.W.3d 553, 555 (Tenn. 2001); *Allen v. State*, 505 S.W.2d 715, 717 (Tenn. 1974). "If the probation revocation warrant is issued within the term of the sentence, the issuance of the warrant commences the revocation proceedings and thereby interrupts the running of the probationary period 'until such time as the trial court [may] hear and determine the issue raised by the [warrant].'" *Shaffer*, 45 S.W.3d at 555 (quoting *McGuire v. State*, 292 S.W.2d 190, 193 (Tenn. 1956)).

Here, the first revocation warrant was issued on July 8, 2013, and dismissed by the trial court eight months later on March 7, 2014. The second revocation warrant was issued on July 8, 2015, and, a little more than five months later, the trial court, in a December 17, 2015 order, reinstated the defendant to probation upon his waiver of a hearing and admission of the violations. Finally, the third revocation warrant was issued on June 20, 2016, and was dismissed by the trial court on September 15, 2016, nearly three months later. Thus, the defendant's original four-year sentence was extended by approximately 16 months until November 2017 due to the time periods during which the three revocation warrants were pending. As such, the defendant was clearly still on probation at the time of the filing of the June 2016 revocation warrant, and the trial court abused its discretion by dismissing the warrant as untimely. We therefore remand this case to the trial court for a hearing on the merits of the defendant's June 2016 violation of probation warrant.

On remand, we further direct the trial court to correct the defendant's original date of incarceration. The original judgment forms, entered on September 12, 2012, erroneously indicate that the defendant began his period of incarceration on July 6, 2012. A review of the plea submission transcript reveals, however, that the defendant's period of incarceration began on July 16, 2012, which would be consistent with the award of 59 days of jail credit from the period spanning from July 16 until September 12, 2012. Three probation orders, dated September 18, 2012, March 1, 2013, and December 17, 2015, and the defendant's release form from the Montgomery County Jail are likewise consistent with an entry date of July 16. We therefore order the trial court to correct the defendant's original judgment forms to reflect the proper date of incarceration.

Finally, we note that the defendant's judgment form for the conviction of reckless homicide erroneously indicates that he was to serve a period of 365 *months*, rather than days, in incarceration prior to his release to probation. We direct the trial court to amend the judgment to reflect the accurate period of incarceration.

Based upon the foregoing analysis, we vacate the judgment of the trial court and remand for a hearing on the defendant's violation of probation and for a determination of and correction of clerical errors in the judgment forms.

_____
JAMES CURWOOD WITT, JR., JUDGE